UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABE WILLIAMS, JR.,

        Petitioner,

    v.

M. MARTEL, warden,

        Respondent.
                                        /

No. C 08-2167 MHP (pr)

**ORDER OF TRANSFER**

Abe Williams, Jr., filed a petition for writ of habeas corpus to challenge the denial of parole and denial of time credits by the Board of Parole Hearings. Williams is incarcerated at Mule Creek State Prison, where the BPH hearing took place at which parole was denied and time credits were denied. Mule Creek State Prison in Ione, which is in Amador County. Amador County is within the venue of the Eastern District of California. Venue is proper in a habeas action in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d); however, the district of confinement is the preferable forum to review the execution of a sentence, such as a time credit calculation or parole denial claim. See Habeas L.R. 2254-3(a); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). Because Williams is confined in the Eastern District of California and challenging the execution of his sentence, pursuant to 28 U.S.C. § 1404(a) and Habeas L.R. 2254-3(b), and in the interests of justice, this action is TRANSFERRED to the United States District Court for the Eastern District of California.

Before this action goes to the Eastern District, the court needs to address a problem with filings that have been made in this action but should have been made in another action.

When Williams sent his habeas petition to this court, he also included documents in the same package that should have been filed in a separate action. Specifically, he sent in a "notice and motion to vacate habeas judgment, pursuant to F.R.C.P., Rule 60(b)" and a motion to appoint counsel. (Docket # 2, # 3)  The Rule 60(b) motion to vacate a judgment should not have been filed in this action, but should have been filed in the action in which the judgment being challenged was originally entered, i.e., <u>Williams v. Ylst</u>, N. D. Cal. No. C 91-2589 JPV.  And since the motion to appoint counsel refers to the Rule 60(b) motion, that also should have been filed the 1991 action.  (The filings of these two motions in the current action was a clerical error at this court because Williams had put the correct 1991 case number on those documents (although he did send them in the same package as a large pile of materials to commence the current action).  Matters have been further complicated because additional documents pertaining to the Rule 60(b) motion have since been filed in the current action rather than the 1991 action to which they refer, i.e., Williams' notification of respondent's failure to file response/opposition (Docket # 6), Williams' declaration in support of motion to vacate (Docket # 7), and William's ex parte notice regarding his Rule 60(b) motion (Docket # 9).

     Accordingly, the motions at docket # 2, # 3 and # 6 are dismissed from the current action.  The clerk will file a copy of the documents at Docket # 2, # 3, # 6, # 7, # 8 and # 9 in <u>Williams v. Ylst</u>, N. D. Cal. No. C 91-2589 JPV, so they may be considered in that action. The clerk shall then transfer the current action to the Eastern District of California.

     IT IS SO ORDERED.

DATED:   September 23, 2008

                                                      Marilyn Hall Patel
                                                      United States District Judge