1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ABE WILLIAMS,

11            Petitioner,                    No. CIV-S-08-2315 GEB KJM P

12        vs.

13   M. MARTEL,                              ORDER AND

14            Respondent.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a California prisoner proceeding pro se with a petition for writ of

17   habeas corpus under 28 U.S.C. § 2254.  In the petition, filed on April 25, 2008, petitioner

18   challenges the fact that he was denied parole on November 29, 2006.  Am. Pet. at 12, 62.[1]

19   Respondent has filed a motion arguing this matter should be dismissed as time-barred.

20            Title 28 U.S.C. § 2244(d)(1) provides as follows:

21            A 1-year period of limitation shall apply to an application for a writ
             of habeas corpus by a person in custody pursuant to the judgment
22            of a State court.  The limitation period shall run from the latest of –

23            (A) the date on which the judgment became final by the conclusion
             of direct review or the expiration of the time for seeking such
24            review;

25   _____

26            [1]  The page numbers identified in petitioner's habeas petition are those assigned by the
     court's electronic docketing system.

                                              1

1    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

2    the United States is removed, if the applicant was prevented from filing by such State action;

3

4    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

5    applicable to cases on collateral review; or

6    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

7    diligence.

8  28 U.S.C. § 2244(d)(1).

9        Respondent argues this action is time-barred because the limitations period ran

10  between two periods of time: from the day after parole was denied, November 30, 2006, through

11  the date petitioner initiated state court review on July 27, 2007, and then from the date state court

12  review was completed on October 29, 2008 through petitioner's filing of his amended petition in

13  this court on March 21, 2009.  Mot. at 3-4.

14        Respondent correctly notes that, with respect to parole cases, the limitations

15  period generally commences when the conditions in § 2244(d)(1)(D) have been satisfied.  <u>Redd</u>

16  <u>v. McGrath</u>, 343 F.3d 1077, 1081-82 (9th Cir. 2003).[2]  Respondent asserts those conditions were

17  satisfied on November 29, 2006 at the conclusion of petitioner's parole hearing.  Mot. at 2:6-17.

18  In this respect, respondent is incorrect.  Until the decision of the parole board became final on

19  March 29, 2007, the parole board was free to modify its decision.  <u>See</u> Am. Pet. at 141 (final

20  page of parole board decision noting when decision will be final if not modified).  There was no

21  factual predicate arising from the decision to deny parole until the parole board decision became

22  final.  This conclusion is supported by <u>Redd</u>.  There, the Ninth Circuit found that under

23  § 2244(d)(1)(D), the limitations period did not commence immediately after the parole hearing at

24

25      [2]  The court recognizes that petitioner has filed an unsigned request asking that the court take judicial notice of the decision reached in <u>Redd v. McGrath</u> cited above.  Even as the court references federal case law, it does not ordinarily take "judicial notice" of that case law. <u>See</u> Fed.

26  R. Evid. 201.  There is no reason to do so here.

issue was held, but after the decision to deny parole became final at the conclusion of the administrative appeal process.  See Redd, 343 F.3d at 1082.  Since Redd, the California Department of Corrections and Rehabilitation has abolished the administrative appeals process for challenging parole decisions.  Cal. Code Regs. tit. 15, § 2050 et seq.  Nothing in Redd, however, suggests the date for commencement of the limitations period should now be the day immediately following the parole hearing, rather than the date California law now indicates the decision to deny parole is final.  Code Regs. tit. 15, §§ 2041 (a), (b) & 2043 (parole board decision regarding life prison final "no later than 120 days" after hearing).  The limitations period did not commence until after the decision to deny petitioner parole became final on March 29, 2007.

As respondent concedes, the limitations period then was tolled between July 27, 2007 and October 28, 2008, while petitioner was pursuing his claims in the state courts. Assuming without deciding that petitioner's federal petition was not filed until the amended petition was filed March 21, 2009, it was filed within 264 days, well within the one year statute of limitations.

Respondent has not shown this matter is time-barred.  The motion to dismiss should be denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's "request for judicial notice" (#30) is denied.

IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (#27) be denied; and

2.  Respondent be ordered to file his answer within forty-five days of any order denying the motion to dismiss.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written

3

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 15, 2009.

_____
U.S. MAGISTRATE JUDGE

1
will2315.157

4