# United States District Court
# Eastern District of California

| | |
|---|---|
| ABE WILLIAMS, JR., | CV 08-02315 TJH |
| Petitioner, | |
| v. | Order |
| M. MARTEL, | [JS-6] |
| Respondent. | |

In 1987, Petitioner was convicted of second degree murder and sentenced to fifteen years to life with an additional three one-year consecutive sentences. The Superior Court, the California Court of Appeal, and the California Supreme Court denied Petitioner's *habeas* petitions. When the California Board of Prison Terms ("BPT") denied Petitioner parole in 1999, he petitioned for a writ of *habeas corpus* from federal court. In 2006, the BPT denied him parole again.

He now petitions the Court for a writ of *habeas corpus* based on the 2006 BPT decision, asserting that:

1. Denial of the credits mandated by his sentencing statute's provisions violated his Fifth, Eighth, and Fourteenth Amendment rights, as well as his federal liberty and vested interests;

2. Denial of his parole was arbitrary and capricious and the BPT acted in a biased

and unfair manner, violating Petitioner's due process and equal protection rights;

3. The state court *habeas* decision was contrary to clearly established Supreme Court authority, was an unreasonable application of Supreme Court authority, was objectively unreasonable, and was an unreasonable determination of the facts in light of state court proceedings; and

4. A state evidentiary hearing is required as a matter of law because it is impossible to adjudicate a *habeas* petition with unsettled facts.

The Petitioner asserts a fifth, new claim in his Traverse that his First Amendment rights were violated by forced participation in a therapy group.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, a federal court may not grant a writ of *habeas corpus* unless the state court's adjudication was either: 1) Contrary to, or involved an unreasonable appli-cation of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) Based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding. 28 U.S.C. § 2254(d)(1-2). Petitioner has not demonstrated that he is entitled to relief under this standard.

Petitioner's first claim fails. Under the AEDPA, if a prisoner asserts a claim that he already has presented in a previous federal *habeas* petition, the claim must be dismissed. 28 U.S.C. § 2244(b)(1). Here, Petitioner presented his claim concerning the denial of credits to a federal court in 2005, and that claim was denied on the merits. Thus, the credit claim must be dismissed as successive under the AEDPA.

Petitioner's second claim fails. The Supreme Court specifically rejected the argument that parole decisions are to be reviewed for evidentiary sufficiency in *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*. 442 U.S. 1, 15, 99 S. Ct. 2100, 2107, 60 L. Ed. 2d 668, 680 (1979). An opportunity to be heard and a statement of reasons why the inmate did not qualify for parole are sufficient to protect against an arbitrary state parole decision. *Greenholtz*, 442 U.S. at 16. A parole authority is not required to cite evidence to support its decision. *Greenholtz*, 442 U.S. at 16.

The "some-evidence" test that Petitioner argues controls was developed in the context of a prison disciplinary hearing, *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 457, 105 S. Ct. 2768, 2775, 86 L. Ed. 2d 356, 366 (1985), which, as the Supreme Court has recognized, is a fundamentally different context than a parole proceeding. *See Greenholtz*, 442 U.S. at 15-16. Because the tests and standards developed by the Supreme Court in one context cannot be transferred to a distinguishable context for AEDPA purposes, it is not appropriate to apply the some-evidence standard of judicial review to parole decisions.

As to Petitioner's claim that the BPT acted unfairly, the only case in which the Supreme Court has specifically addressed the process due in state parole proceedings is *Greenholtz*. There, the Supreme Court held that due process is satisfied when the state provides an inmate an opportunity to be heard and a statement of the reasons for the parole decision. *Greenholtz*. 442 U.S. at 16. "The Constitution does not require more." *Greenholtz*. 442 U.S. at 16. No other Supreme Court holdings require more at a parole hearing. Thus, the state court decisions upholding the BPT's decision were not contrary to clearly established federal law.

Petitioner argues that the BPT's decision was biased because the hearing panel said that the commitment offense was cruel and callous. While it is true that the Due Process Clause prevents the state from depriving a plaintiff of a protected interest without "a fair trial in a fair tribunal," *In re Murchison*, 349 U.S. 133, 136, 75 S. Ct. 623, 625, 99 L. Ed. 942, 946 (1955), to prevail Petitioner must "overcome a presump-tion of honesty and integrity" on the part of decision-makers. *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 1464, 43 L. Ed. 2d 712, 723 (1975). Here, the evidentiary record does not demonstrate bias. Instead, it indicates that Petitioner did not object to the panel considering his parole suitability, that the hearing was conducted in an orderly fashion, and that the panel considered facts demonstrating Petitioner's suitability for parole. Thus, the state courts reasonably applied clearly established federal law when denying the bias claim. 28 U.S.C. § 2254(d)(1). Morever, even a summary denial of a claim is entitled

to AEDPA deference. *Luna v. Cambra*, 306 F.3d 954, 960 (9th Cir. 2002).

Petitioner's third claim incorporating his credit, fairness, and bias claims, but adding that the state courts' decisions were based on an unreasonable determination of the facts, similarly fails. Under Section 2254(d)(2), a writ of *habeas corpus* cannot be granted unless the state courts' decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court. The state courts's factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Although Petitioner argues that the evidence cannot support the BPT's decisions, he does not show that the state court made factual errors. The trial court found that Petitioner beat a three year old girl to death, and that during the course of the beating he hanged the child by her hands and feet. The court, also, found that Petitioner had a lengthy criminal history that included prior prison terms, an extensive history of substance abuse, that the 2005 psychological evaluation was not supportive of release, that his substance abuse treatment is inadequate, that he engaged in misconduct while in prison, and that he admitted to not having realistic plans for his release on parole. Petitioner has not established by clear and convincing evidence that the courts's factual determinations were incorrect. Rather, he disagrees with the weight the BPT and the state courts assigned to the evidence. This disagreement does not entitle Petitioner to federal *habeas* relief.

Fourth, Petitioner argues that, as a matter of law, he is entitled to a state court evidentiary hearing to resolve alleged inaccuracies in his commitment offense transcripts. Section 2254(e)(1) of the AEDPA requires federal courts to presume the correctness of the state court's factual findings unless applicants rebut this presumption with clear and convincing evidence. *Schriro v. Landrigan*, 550 U.S. 465, 473-74, 127 S. Ct. 1933, 1939-40, 167 L. Ed. 2d 836, 843-44 (2007). Petitioner fails to do so when he disputes the accuracy of the transcripts based on his memory of the trial. Moreover, the state courts already determined that he failed to show the transcripts to be inaccurate. Thus, Petitioner is not entitled to an evidentiary hearing.

1  Fifth and finally, Petitioner's First Amendment claim first asserted in the Traverse
2  is dismissed because it was not asserted in the Petition. *Cacoperdo v. Demosthenes*, 37
3  F.3d 504, 507 (9th Cir. 1994).

5  It is Ordered that the Petition be, and hereby is, Denied.

7  Date:  September 28, 2012

_____
Terry J. Hatter, Jr.
Senior United States District Judge